[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNT II OF COMPLAINT.
 I
The plaintiff alleges that she was bitten by a "pit bull" dog owned by the defendant Cameron Mounds while walking on the sidewalk in front of a three-family residential building located at 65 Elmer St. Hartford, CT, and owned by the defendant Lawrence Williams, Sr. Mounds is a tenant in the premises at 65 Elmer Street.
The plaintiff seeks damages under a common law negligence theory from the defendant Williams in the second count of her complaint. Defendant Williams has moved to strike the count on the ground that Plaintiff has not alleged that Defendant Williams knew or should have known that the particular pit bull on his property was a vicious dog, but has alleged only that pit bulls in general are vicious.
The plaintiff argues that there exists a genuine issue of material fact as to whether the knowledge that pit bulls are generally vicious is "common knowledge", and therefore the CT Page 4602 allegation that the defendant Williams "knew or should have known that the pitbull is a vicious dog in its own propensities" is sufficient for the purpose of stating a cause of action. The plaintiff also argues that if the court granted the motion to strike, it would be improperly deciding an issue of fact.
 II
Subparagraphs 8a. through 8e. appear to refer to the specific dog in question; it appears, then, that the defendant is requesting to strike paragraph 8f., which alleges that Williams was negligent was negligent "[i]n that the Defendant knew or should have known that the pitbull is a vicious dog in its own propensities but allowed the dog to use the common area of his property anyway." In order to recover damages for injuries caused by a dog bite based on common law negligence, a plaintiff must prove that the dog had vicious propensities and that the defendant had knowledge or the means of knowledge of suchpropensities. (Emphasis added.) See Basney v. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964). "Propensity" is defined in Webster's Dictionary as "a natural inclination: innate or inherent tendency". See Webster's Third New International Dictionary (1976). The defendant argues that not every pit bull is vicious, and this may be so. But if the plaintiff proves the allegations, here somewhat paraphrased, that the defendant knew or should have known that all pitbulls are vicious and the dog in question is a pitbull, then the syllogism is completed by the conclusion that the defendant knew or should have known that this dog was vicious. The cause of action has been sufficiently alleged so that a jury could find that the elements as set forth in Basney, supra, have been satisfied. In the determination of a motion to strike, the facts in the complaint are to be construed in the way most favorable to the nonmoving party. See Amodio v.Cunningham, 182 Conn. 80, 438 A.2d 6 (1980). The motion to strike is denied.
Beach, J.